# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4474 | **DATE** | December 14, 2011 |
| **CASE TITLE** | Harris vs. Cichocki | | |

**DOCKET ENTRY TEXT**

If Plaintiff wishes to depose Defendant in person, she may examine him in Milwaukee, Wisconsin, although the parties remain free to make other mutually acceptable arrangements to complete Defendant's deposition. Parties are ordered to complete Defendant's deposition by January 19, 2012. A status hearing is scheduled for January 26, 2012, at 11:00 a.m. At the next status hearing, parties are to report on the status of discovery and whether they wish to participate in a settlement conference. Parties do not have to wait until the next status hearing to express their interest in discussing settlement with the court. They may jointly contact Courtroom Deputy Alex Castaneda at anytime, (312) 408-5168, for a settlement conference date.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

During yesterday's status hearing, the parties reported that they reached an impasse on the issue of whether Defendant--who allegedly rear-ended the car operated by Plaintiff on I-94 in Chicago--should be compelled to appear in Chicago for his deposition. Plaintiff asserts that she should be permitted to select the place of Defendant's examination. Defendant counters that forcing him to travel to Chicago for a deposition will cause undue financial hardship on him because he would have to take at least two days off from work and drive a long distance. Defendant offered to come to Chicago for his deposition if Plaintiff would reimburse his travel expenses and his lost wages, but Plaintiff rejected this compromise. The court offered to provide the parties with an opportunity to submit arguments in writing, but they declined and chose to stand on their oral presentation.

Based on the arguments of the parties, the court concludes that Defendant should not be forced to appear in Chicago for his deposition. Instead, Plaintiff may notice Defendant's deposition to take place in Milwaukee, Wisconsin. As correctly stated by the parties, Federal Rule of Civil Procedure 30 is silent on the question of where depositions must take place. However, a long line of cases has recognized a presumption that a defendant must be deposed in the district where he resides. *See DeGeer v. Gillis*, No. 09 CV 6974, 2010 WL 3732132, *1 (N.D. Ill. Sept. 17, 2010); *Healthsouth Corp. v. Sussman*, No. 02 CV 4408, 2003 WL 685576, *2 (N.D. Ill. Feb. 26, 2003); *Devlin v. Transportation Communications Int'l Union*, Nos. 95 CV 0752 and 95 CV 10838, 2000 WL 28173, *3 (S.D.N.Y. Jan. 14, 2000); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997); *Farquhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). This presumption is based on the rationale that defendants are before the court against their will and that plaintiffs, having brought their lawsuits by choice, should not complain if they have to take discovery outside their chosen forum. *Farquhar*, 116 F.R.D. at 72.

**STATEMENT**

Here, Plaintiff decided to bring this lawsuit in Cook County, Illinois (located in the Northern District of Illinois), against Defendant who is a resident of Brown County, Wisconsin (located in the Eastern District of Wisconsin). (R. 1.) According to the applicable presumption, Plaintiff must depose Defendant in the Eastern District of Wisconsin. The court finds that this presumption should govern the location of Defendant's deposition in this case because Plaintiff did not offer any persuasive reasons for this court to reject this presumption. Plaintiff's lawyer's convenience does not justify requiring Defendant to drive 432 miles round-trip to appear for his deposition in Chicago. However, because Defendant is a resident of the Eastern District of Wisconsin, Plaintiff is authorized to notice his deposition to take place in Milwaukee.